USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/08/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
:
MIGUEL CISNEROS et al.,                          :
:
                                  Plaintiffs,  :        13 Civ. 6266 (JMF)
:
                  -v-                      :        MEMORANDUM
                                          :        OPINION AND ORDER
SCHNIPPER RESTAURANT LLC et al.,                 :
:
                                  Defendants.  :
:
-------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On December 18, 2013, the Court received a stipulation and order of dismissal with prejudice, advising it that the parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL") §§ 190 *et seq.* and 650 *et seq.*, had reached a settlement. By Order entered that same day (Docket No. 20), the Court directed the parties to submit the settlement agreement to the Court along with a joint letter explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Court also directed the parties to address the bases for any attorney's fee award, and for keeping the proposed settlement confidential.

## SETTLEMENT APPROVAL

       The Court, having reviewed the parties' joint letter, dated January 2, 2014 (attached as Exhibit A to this Order), and the settlement agreement itself, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiffs' claims as well as the risks and expenses involved in additional litigation. *See Wolinsky*, 900 F. Supp. 2d at 335-36 . Although

the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at 335 (alteration in original) (internal quotation marks omitted), these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here, *cf. Lujan v. Cabana Mgmt., Inc.*, No. 10 Civ. 755 (ILG), 2011 WL 3235628, at *2 (E.D.N.Y. July 27, 2011) (noting "the risk of explicit or implicit coercion in the employment context" in FLSA litigation); *Gortat v. Capala Bros., Inc.*, 07 Civ. 3629 (ILG) (SMG), 2009 WL 3347091, at *11 (E.D.N.Y. Oct. 16, 2009) (noting the heightened concern over coercion in FLSA litigation when plaintiffs "are involved in an ongoing business relationship with defendants, and . . . are dependent on defendants for employment"), *report and recommendation adopted by* 07-CV-3629 (ILG), 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010).

## ATTORNEY'S FEES AWARD APPROVAL

The Court finds that the proposed award of attorney's fees, however, is excessive in light of the factors set out in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). In particular, this action involves a relatively straightforward wage and hour dispute arising under the FLSA and NYLL.  Although the case was styled as a collective action, Plaintiffs never filed a motion for certification of a collective or a class action, and notices regarding FLSA claims were not distributed to other employees.  In addition, the parties reached a settlement approximately three and one half months after Plaintiffs filed the Complaint; "[w]here . . . the parties reach a tentative settlement relatively shortly after the filing of an action, a reduction in the attorney fees awarded is appropriate." *Guzman v. Joesons Auto Parts*, No. 11 Civ. 4543 (ETB), 2013 WL 2898154, at *3 (E.D.N.Y. June 13, 2013) (internal quotation marks omitted).

Plaintiff's counsel has also failed to provide the Court with "any information relating to the background and experience of any of the lawyers assigned to this action." *Id.*

Further, the size of the requested fee in relation to the total settlement — 40% — is especially high. To begin with, judicially approved fees in this Circuit typically range between 30% and 33⅓%. *See id*. at *4 (collecting cases). In addition, courts in this Circuit have found fees in FLSA cases of 20 percent or less of the total settlement to be "reasonable and consistent with fees granted in other class actions." *Ayers v. SGS Control Servs., Inc.*, Nos. 03 Civ. 9078 (RMB) et al., 2008 WL 4185813, at *8 (S.D.N.Y. Sept. 9, 2008). Although Plaintiffs' counsel's lodestar — $27,000 — is higher than the fee requested, "the mere fact that application of the lodestar method supports a larger percentage fee is insufficient to justify either the application of the [lodestar] method or the award of a higher fee." *Guzman*, 2013 WL 2898154, at *5 (internal quotation marks and citation omitted). Finally, the Court finds the hourly rates implied by counsel's time records excessive. The majority of work appears to be have been performed by an individual identified as "MF" (presumably Michael Faillace) at a rate of $450 per hour. The rest of the work was performed by either "LF" or "CF," who both billed at a rate of $375 per hour. These rates are on the upper range of presumptively reasonable hourly rates in this district, *see Bogosian v. All Am. Concessions*, No. 06 Civ. 1633 (RRM), 2012 WL 1821406, at *2 (E.D.N.Y. May 18, 2012) (stating that reasonable hourly rates are $300 to $450 for partners, $200 to $325 for senior associates, and $100 to $200 for junior associates), and, as noted above, Plaintiff's counsel has not provided any information regarding the attorneys' qualifications or years of experience.

Accordingly, the Court finds that the requested attorney's fee contemplated in the proposed settlement excessive, and reduces the fee award to 25% of the settlement, or $11,750.

The difference between the proposed attorney's fee award and the reduced attorney's fee award shall be distributed among Plaintiffs on a *pro rata* basis.

## CONFIDENTIALITY OF SETTLEMENT AGREEMENT

Finally, the Court finds that there is no basis to keep the settlement confidential in light of the common law right of access to judicial documents.  *See Wolinsky*, 900 F. Supp. 2d. at 337-40 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases).  As the parties indicated in their joint letter they would agree to the settlement agreement even if the Court rejected the confidentiality provisions of the settlement, the settlement is still approved and is attached as Exhibit B to this Order.

The Clerk of the Court is directed to close this case.  All pending motions are moot.

SO ORDERED.

Dated: New York, New York
       January 8, 2014

_____
JESSE M. FURMAN
United States District Judge